MAYO G. SMITH *vs.* EUPHEMIA V. SMITH.

A decree of divorce *a vinculo*, between parties residing in this state, obtained in another state, for a cause which occurred here and which was not a legal cause of divorce here, and at the suit of a party who went into that state for the purpose of obtaining it, is void by the Rev. Sts. *c.* 76, § 39, and cannot be set up in defence to a libel for divorce filed by the same party in this state.

SHAW, C. J.   This libel for divorce, on the ground of adultery, was commenced at November term 1856 of this court in Essex.   At May term 1858 a motion was made, in behalf of the respondent, to dismiss the libel, on the ground that, in May 1857, since the commencement of this libel, the libellant had gone to Indiana, and there commenced a petition for a divorce, and in the year 1858 obtained a decree of divorce, dissolving the bond of matrimony.   When this motion was made, the general fact of such divorce was admitted by the libellant; but the motion having been reserved for the full court, a record of the proceedings in Indiana has been obtained and submitted.

From the record, it appears that those proceedings were commenced in the spring of 1857, which must have been soon after the libellant left Massachusetts; that his petition contained a charge of desertion, and a charge of adultery; that notice was ordered and published in one of the local newspapers three weeks successively; that the respondent was defaulted; that a formal appearance was entered for her by a person called the prosecuting attorney — we suppose an officer of the court — in pursuance of some local law or practice; that a trial by jury was waived; that, on a trial by the court, she was found guilty of the desertion, but not guilty of the adultery alleged.   The desertion was alleged to have commenced in May 1856, about six months before the date of his libel in this county for adultery.   The case has been submitted to us without argument.

Upon these facts, the court are of opinion that the divorce

18 *

thus obtained is not valid in this commonwealth to dissolve the bond of matrimony between these parties, and therefore no ground for dismissing this libel.

The presumption is violent, if not conclusive, that the husband went into Indiana in order to obtain a divorce. Even if he had other objects in view, if this was one — and his acting upon it is strong proof that it was — it would be within the statute. Rev. Sts. *c.* 76, § 39. This provides that, when any inhabitant of this state shall go into any other state or country in order to obtain a divorce for any cause which had occurred here, or which would not authorize a divorce by. the laws of this state, a divorce so obtained shall be of no force or effect in this state.

This divorce is obnoxious to both these objections. It was obtained for a cause which had occurred here, whilst the parties resided here; and also for a very short term of desertion, which would not have been a legal cause of divorce in this state. *Chase* v. *Chase*, 6 Gray, 157.

If this were a mere private action, or suit in which the personal rights of the parties alone were concerned, there would be strong reason for applying the doctrine of estoppel, to the act of the husband, in resisting the present motion of the wife. But a suit for divorce is of a very different character; it is one in which the public have an interest, and in the conduct and result of which the best interests of society are concerned. Where proceedings in divorce are rightly commenced and conducted, the decree of divorce fixes the *status* of the parties for all purposes. But if the statute declares the divorce in Indiana wholly void and without force in this state, it cannot be made good by the consent of either or both the parties. Should the husband marry again, here or elsewhere, and come into this state, would he not be liable to public prosecution for bigamy or adultery; would not such second marriage be adultery as against the former wife, and would not his children, if any, be illegitimate? Would not the same consequences follow, should the wife marry?.

But another aspect of the question leads to the same result. Marriage is undoubtedly a contract, but it is a contract sanc-

tioned by law, controlled by considerations of public policy vital to the order and harmony of social life, and in its nature indissuluble, except by violations of duty on the one part, to be taken advantage of in a special manner, provided by law, on the other. Neither party can do any act, by way of release, grant, stipulation or agreement, to dissolve such contract; and yet by any of these acts one could estop himself in a matter of private right. Without saying that in no case can the law or principle of estoppel apply in matters of divorce — as in regard to the service of process, or admissions or confessions of fact, where all suspicion of collusion is effectually excluded — we are of opinion that the libellant is not estopped from insisting that the decree of divorce in Indiana is void in this commonwealth, and therefore that there is no ground for dismissing this libel, for the alleged cause that the relation of husband and wife no longer subsists between the parties.    See *Lyon* v. *Lyon*, 2 Gray, 367; *Ditson* v. *Ditson*, 4 R. I. 87.                    *Motion to dismiss overruled.*